11 JOAN BERNARD ARMSTRONG, Judge.
This is a trip-and-fall personal injury case. The trial court found the defendant liable, assessed fault 90% to the defendant and 10% to the plaintiff, and determined the damages to be $160,000 (which sum includes $22,224.87 medical expenses and $6,084.82 lost wages) which damages, reduced by 10%, result in a judgment of $144,000. The defendant appeals as to liability, apportionment of fault and quantum of damages. As we find no manifest error or abuse of discretion by the trial court, we will affirm.
The plaintiff, Fred Raymond Corliss, was an employee of the State of Louisiana and worked in office space leased from defendant Baha Towers Limited Partnership. One morning, while walking down a hall in the office, Mr. Corliss tripped and fell over two or three cardboard boxes that had been left in the hall. The boxes were in a “blind spot” just around a corner from the direction from which Mr. Corliss came. There had been a water leak that morning and the boxes had been moved from a storeroom where they were normally kept. Mr. Corliss [ 2was taken to the hospital. It was determined that he suffered at torn rotator cuff and he ultimately underwent surgery to repair that injury.
The trial court determined that employees of Baha Towers had placed the boxes in the hallway creating an unreasonably dangerous condition. Baha Towers argues that it was not proven that its employees, as opposed to State employees, moved the boxes from the storeroom to the hallway. However, there was evidence that Baha Towers employees were cleaning up the water from the leak in the storeroom, using “wet vacs” and portable fans, and the boxes were wet. There was no evidence whatsoever that State employees moved the boxes. It is a reasonable inference that Baha Towers employees moved the wet boxes from the storeroom in the course of cleaning up after the leak. The trial court determined that it is more likely than not Baha Towers employees moved the boxes and that is the standard of proof in a civil case. We cannot say that the trial court was clearly wrong-manifestly erroneous in its findings of fact.
Next, Baha Towers argues that, under La. R.S. 9:3221, it is not responsible for the condition of premises that it leased to another. However, the statute gives the lessor no protection when “the owner knew or should have known of the defect”. Id. In the present case, the trial court found that Baha Towers employees created the unreasonably dangerous condition so, obviously, Baha Towers knew of that condition.
Baha Towers argues that the trial court erred in allocating only 10% of the fault to Mr. Corliss. The trial court did find that Mr. Corliss should have been 1 ¡^watching where he was going but that, on the other hand, the boxes were in a “blind spot”. Under these circumstances we cannot find that the trial court was clearly wrong-manifestly erroneous in allocating fault 10% to Mr. Corliss and 90% to Baha Towers.
Baha Towers argues that the $160,000 damages (reduced to $144,000 for comparative fault) is excessive. The evidence of lost wages of $6,084.82 and medical expenses of $22,224.87 was unrebutted. Those special damages of $28,309.69 are included in the $160,000 award so the general damages are $131,690.31. The trial court specifically found that Mr. Corliss was credible as to his injuries and that the injury was very painful and disabling for sometime. We cannot find that the trial court abused its “vast discretion” in setting the amount of general damages. E.g., *528 Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993).
Lastly, Baha Towers complains of the “testimony” of a Mr. Boggs because Mr. Boggs was not named on the plaintiff’s witness list. However, the trial court excluded Mr. Boggs’ testimony. The plaintiff was allowed to proffer Mr. Boggs’ testimony in case the plaintiff wished to challenge on appeal the exclusion of Mr. Boggs’ testimony. Thus, the trial court did not consider Mr. Boggs’ testimony.
For the foregoing reasons, we affirm the trial court.

AFFIRMED.